Judge Owsley
delivered the Opinion of the Court.
These are cross appeals from a decree of the Henry Circuit Court, pronounced in a suit in Chancery, brought by Elston against Bowman.
It appears that in an action of ejectment brought in the Henry circuit court, by Bowman, and which was removed by change of venue to the Franklin circuit court, a judgment was rendered in the latter court against Elston, and that, at his instance, commissioners were appointed to value the improvements &c. under the law concerning occupying claimants, and that judgment was afterwards entered by the Franklin circuit court, in favour of Elston, for the amount reported by the commissioners against Bowman.
In making their report, the commissioners omitted to charge Bowman with two hundred and thirty-six dollars and fifty cents, which the bill alleges was assessed by them to Elston, for clearing twenty-one acres and eighty poles of the 1 and recovered by Bowman; and the object of the bill was to obtain a decree against Bowman for the amount of the assessment so made by the commissioners, and omitted by them in their report.
Bowman protests against the jurisdiction of the Henry circuit court, and insists that if, contrary to his expectations, the court should exercise jurisdiction, it should be done on equitable principles, and that, according to those principles, Elston is entitled to no relief &c.
The conrt below was of opinion that Elston was entitled to relief, and after deducting from the two hundred thirty-six dollars and fifty cents, the awount of rent to which Bowman was adjudged to be entitled, pronounced a decree in favor of Elston for the residue, it being $>124 &c.
It may not be improper to premise that the bill of Elston contains no allegation conducing to shew', that either the report of the commissioners, or the *38 judgment rendered thereon, was procured through the fraud or improper conduct of Bowman. The only ground upon which relief is sought by the bill, is the alleged omission of the commissioners, after having assessed the value of clearing the land, to report the same to court, and the failure of Elston to discover the omission until the expiration of the term at which judgment was rendered by the Franklin circuit court upon the report.
Decision on the report of ■commissioners under the occupant laws concludes the parties as to all further claims.
To authorize the chancel lor to correct any mistake ifcsuohreoort, the applicant ought to shew at least that, his having overlooked it until after the final judgment, was not by his negligence.
*38 Whether the proceedings by commissioners under the occupying claimant law be considered either as a proceeding at law or in chancery, the principle is not perceived upon which relief can he granted Elston upon the ground alledged in his bill. The occupant law affords each party ampie means for redress against any omission or error of the commissioners in making their assessment and report. Either party may except to the report of the commissioners, and it is incumbent upon the court to which the report is returned to decide upon the exceptions and, for sufficient error, to recommit the report to the same commissioners, or appoint others to make the proper assessment &c. It would, therefore, seem necessarily to follow, that for an omission of the commissioners such as that stated in the bill of Elston, redress ought to be sought by excepting to the report before judgment is rendered upon it, and not by bill in equity. For, having adopted the mode prescribed by the occupant law to obtain compensation for the improvements which he had made upon the land from which he was evictiod, Elston should upon general principles, be concluded by the judgment rendered upon the report of the commissioners.
He must then unquestionably be concluded by that judgment from setting up any additional claim for improvements, unless the circumstance alleged by him, of his not having discovered that the commissioners omitted to report the value assessed by them for clearing the land, until after the expiration of the term at which the judgment was entered, can authorise the interposition of the chancellor. Such a result cannot, however, in the opinion of the court be produced by a circumstance of that sort. The *39 occupant law not only requires the commissioners to make out a copy of their report for each party, but the court is expressly required not to act thereon until the court succeeding the coming in of the report, unless the parties are present in court or have had ten days notice; and so far from containing any thing to shew that the law was not complied with in those respects, the present record shews that the report was actually made out by the commis*sioners, the 19th of October, 1818, and that judgment was not rendered thereon until July term, 1819. if, therefore, Elston failed to discover tiie omission until after the term at which the judgment was rendered, the failure must be attributed to his own fault, and as such, according to the settled principles of chancery practice, cannot authorise the interposition of a court of equity.
Fault or negligence of il party forms no grounds for the aid of the chancellor.
Bibb for Bowman; Roberts for Elston.
The fault or negligence of a party forms no ground for the aid of the chancellor, whether the object of the suit be to review a former decree, or to be relieved against a judgment at law.
The decree must therefore be reversed and the cause remanded to the court below, and the bill of Elston dismissed with cost.
Elston must pay the cost of both appeals in ibis court.